850 F.2d 690
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bruce TRIVETT, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 87-1746.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 3, 1988.
Decided: June 17, 1988.
 
 Deborah K. Garton (Hensley, Muth, Garton and Hayes, on brief), for appellant.
 William Brian Reeser (Beverly Dennis, III, Chief Counsel; Charlotte Hardnett, Supervisory Assistant Regional Counsel; Paul S. Ceja, Assistant Regional Counsel; Department of Health and Human Services; Michael W. Carey, United States Attorney; Gary E. Pullin, Assistant United States Attorney, on brief), for appellee.
 Before K.K. HALL and WILKINSON, Circuit Judges, and EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Bruce Trivett appeals from the magistrate's order affirming the Secretary's decision denying disability insurance benefits covering the period of time from October 22, 1984, to August 21, 1985. Because the record does not adequately support this finding, we reverse and remand.
 
 
 2
 Trivett is 38 years old and has a high school education. He held a job as a grounds keeper and maintenance man at a country club from 1971 to October of 1984. Trivett began a period of hospitalization that month which lasted twenty days and has never returned to work.
 
 
 3
 The record contains extensive medical reports concerning Trivett's physical and emotional conditions. He has been diagnosed as suffering from diabetes mellitus, hypertension, chronic renal insufficiency, retinopathy, peripheral neuropathy,[1] and impotence. He also suffers from hypothyroidism and has suffered an acute psychotic break. By December, 1985, Trivett had lost the vision in both eyes and now must undergo kidney dialysis because of renal insufficiency.
 
 
 4
 Trivett filed an application for disability insurance on October 24, 1984, alleging disability as of October 22, 1984, due to diabetes, high blood pressure, eye problems, and kidney problems. The application was denied originally and upon reconsideration. Trivett requested a hearing before an administrative law judge ("ALJ"), who denied benefits. The Appeals Council, based upon objections by Trivett and upon its own review, issued a decision on April 3, 1987, following the consideration of new evidence, finding Trivett disabled as of August 21, 1985.[2] The Council further found that Trivett retained the capacity to perform sedentary work for the period of October 22, 1984, to August 20, 1985, and therefore was not disabled during that period of time. The Secretary's decision was affirmed by the U.S. Magistrate on October 5, 1987.
 
 
 5
 On appeal, Trivett contends that the Secretary fragmented the medical evidence which had the effect of losing sight of the total picture of his health, and wrongfully concluded that since he was not hospitalized after October, 1984, he was enjoying relatively good health. Trivett maintains that he did not enjoy "relatively good health" from late 1984 to August, 1985, as the Secretary determined, but that his condition was continually deteriorating to the point where he was in renal failure and in the process of going blind. He also argues that these conditions were present in late 1984, and continued to worsen. Trivett further contends that a vocational expert's services should have been obtained because he produced evidence of nonexertional conditions such as numb extremities, swelling ankles, peripheral neuropathy, lack of energy, nausea, anemia, and deterioration of his eyesight. We agree with Trivett's final contention.
 
 
 6
 Where a claimant demonstrates the presence of nonexertional impairments, the Secretary must be required to prove by expert vocational testimony, that despite claimant's combination of exertional and nonexertional impairment, specific jobs exist in the national economy which he can perform. Grant v. Schweiker, 699 F.2d 189 (4th Cir.1983). The magistrate held that the Appeals Council concluded that Trivett did not have a significant nonexertional impairment from October, 1984, to August, 1985. However, upon review of the Appeals Council's decision, we can find no reference to any consideration of Trivett's nonexertional impairments. Because the Appeals Council did not consider Trivett's nonexertional impairments, we are unable to review any findings to determine if they are supported by substantial evidence.
 
 
 7
 We, therefore, reverse the decision of the magistrate and remand to the Appeals Council for further proceedings consistent with this opinion.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 [1]
 All these conditions are related to Trivett's diabetes and are complications brought about by the progressive nature of the disease
 
 
 [2]
 The Appeals Council found that Trivett had met the listing at Sec. 6.02(c) under Appendix 1 of the Regulations. The listing at Sec. 6.02 involves impairment of renal function due to chronic renal disease expected to last 12 months